## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                    **Case No. CR-24-24-RAW**

**JORDAN FRANCIS TOYNE**
        **Defendant.**

## ORDER

Before the Court is the Government's Notice of Intent to Offer Evidence Under Federal Rules of Evidence 413/ 404 (b). Dkt. No. 59. Defendant objects to the Government's intention to admit this evidence. Dkt. No. 65. Having reviewed the parties briefing and the applicable law, the Court finds that the Defendant's objection is OVERRULED.

### a. Evidence of Prior Abuse Satisfies Rule 413

Rule 413 allows courts to admit evidence that a defendant accused of sexual assault committed any other sexual assaults. The underlying act need not be charged. *United States* v. *Cole*, No. 22 CR-98-JFH, 2022 WL 1798066, at *4 (E.D. Okla. Dec. 29, 2022). In keeping with the legislative intent behind Rule 413, the Tenth Circuit has "recognized a 'presumption in favor of admission' of such evidence." *United States* v. *Willis*, 826 F.3d 1265, 1271 (10th Cir. 2016 (quoting *United States* v. *Enjady*, 134 F. 3d 1427, 1431 (10th Cir. 1998)). "In passing Rule 413 Congress believed it necessary to lower the obstacles to admission of propensity evidence in a defined class of cases. Its rationale for sexual assault cases includes the assistance it provides in assessing credibility." *Enjady*, 134 F.3d at 1431, opinion clarified, No. 96-2285, 1998 WL 133994 (10th Cir. Mar. 25, 1998). Before evidence is admitted under Rule 413 "a court must determine whether the evidence 'meet[s] three threshold requirements': (1) that the defendant is accused of

a sexual-assault offense; (2) that the evidence is evidence of another sexual-assault offense by the defendant (or an attempt to commit those acts); and (3) that the evidence is relevant." *United States* v. *Guardia,* 135 F.3d 1326, 1328 (10th Cir. 1998). Additionally, to be admissible, the prosecution must disclose the statements of the intended witnesses at least 15 says prior to the trial.

A sexual assault for the purposes of Rule 413 is defined as any conduct prohibited by 18 U.S.C. 109A which includes abusive sexual contact in violation of 18 U.S.C. 2243(a), and 2246 (3). Abusive sexual conduct includes the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person who has attained the age of 12 years but has not attained the age of 16 years; and is at least four (4) years younger than the person who is engaging in the conduct. 18 U.S.C.A. § 2246 (3) (West).

In the present case, the prior acts the Government seeks to introduce consist of the following allegations made by the Defendant's wife's younger sister who the Government refers to only as Victim 2[1]. The alleged incidents occurred in early 2021 when Witness 2 was less than sixteen years old. One incident allegedly involved the Defendant placing "his fingers close to [Witness 2's] vagina by grabbing her inner thigh and buttocks when throwing her into the water" and another incident later that day when the Defendant kissed and rubbed icy hot on her inner thighs. Dkt. No. 59 at 4-5. On another occasion in 2021 after Defendant allegedly also showed [Witness 2] pictures of himself and his wife and then caressed the inside of [Witness 2's] thigh and moved his hand closer to her "'crotch' and down the back of her butt". Dkt. No. 59 at 5.

The Government also seeks to introduce evidence regarding some other comments and discussions between the Defendant and Witness 2 as res gestae of the alleged prior sexual contact

---

[1] Because the Government does not provide the name or initials of Victim 2, the Court will refer to this individual as Witness 2 for the purpose of this order to avoid the use of potentially prejudicial language.

and of grooming. The Government seeks to introduce Witness 2's testimony that the Defendant gave her a shot of alcohol, and on another occasion, that the Defendant attempted to persuade her to play a "romantic version of adult Truth-or-Dare"; requested that Witness 2 complete a "dare" that involved taking off the pants of the other person with his or her mouth; and told Witness2 that he thought it would be funny if Witness 2 walked in on him having sex with her sister, J.T.. *Id*.

As noted above, element one of the 413 analysis is satisfied here because the Defendant is clearly charged with a sexual assault. Element two is also met because the prior alleged sexual acts, clearly fall within the definition of sexual contact provided by 18 U.S.C. 2243 (a) and 2246 (3) because Defendant is accused of touching Witness 2's genitalia, inner thigh, and or buttocks on multiple occasions. Therefore, element two of Rule 413 is satisfied. Finally, the proposed evidence is relevant because both accusers were purportedly groomed in a similar fashion and were close in age when the alleged assaults and grooming behaviors occurred. Thus, the similarity between the allegations tends to prove Defendant's propensity to commit sexual assault. *Enjady*, 134 F.3d at 1090 and is therefore relevant to this case.

**b. Evidence of Prior Acts Satisfies Rule 403**

After determining the evidence is admissible under Rule 413 the Court must engage in a Rule 403 balancing test to analyze whether the evidence is more prejudicial than probative while also accounting for Rule 413's presumption in favor of admission. *Enjady*, 134 F.3d 1431.[2] First the Court must determine whether a jury could reasonably find that the evidence of other acts occurred by a preponderance of the evidence. *Id* at 1433. Then the Court must analyze the *Enjady*

---

[2] "Rule 403 requires that if the trial court concludes the probative value of the similar crimes evidence is outweighed by the risk of unfair prejudice it must exclude the evidence. But the exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence "normally" should be admitted." *United States* v. *Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998), opinion clarified, No. 96-2285, 1998 WL 133994 (10th Cir. Mar. 25, 1998).

factors which include (1) how clearly the prior act has been proved; (2) how probative the evidence of a material fact it is admitted to prove; (3) how seriously the disputed material fact is; and (4) whether the government can avail itself of any less prejudicial evidence. *Enjady*, 134 F.3d at 1433.

The government has offered the following evidence of the alleged prior act: a forensic interview of Witness 2, a journal entry describing the alleged assault written immediately after the event that includes a diagram of the living room where one of the alleged assaults took place, and the testimony of R.A. who corroborates Witness 2's contemporaneous disclosure shortly after one of the incidents. The Defendant disputes that the alleged acts occurred and purports to have a home security camera footage disproving her allegations. However, the fact that the Defendant disputes the acts occurred does not mean that they cannot be proven by a preponderance of the evidence. Here, the Government has provided sufficient proof that a jury could reasonably find by a preponderance of the evidence that the prior alleged acts occurred. Accordingly, we will analyze the evidence pursuant to the *Ejady* factors. 134 F.3d at 1090-1091.

### 1. *Enjaday* Factor 1: Clearly Proven Acts

There is sufficient evidence to support the Government's assertion that the Defendant assaulted Witness 2. The Government will provide evidence of the alleged assault in the form of the witness's testimony that is corroborated by a contemporaneous journal entry and her disclosure to her mother at the time of the assault. Accordingly, the Government satisfied the first *Enjaday* factor.

### 2. *Endjaday* Factor 2: the Probative Value of the Evidence.

We must now consider the probative value of the evidence using the five *Benally* factors, including: (1) the similarity of the prior acts and the charged acts; (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening

4

events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony. *United States* v. *Benally*, 500 F.3d 1085, 1090 -91 (10th Cir. 2007).

The alleged prior acts involving Witness 2 are very similar to some but not all the charged acts. With respect to both accusers, the Defendant allegedly threw them into the water while touching their vagina, thighs, and or buttocks and of touching their inner thighs, and the Defendant is also accused of creating opportunities to be alone with each girl. Additionally, the accusers were similar ages, both in their early teenage years, when the alleged conduct occurred. A significant difference between prior acts and the charged acts is that the Defendant's alleged behavior escalated much farther with J.S.. The Government attributes this difference to Witness 2's prompt disclosure that cut off the Defendant's access to her. On the whole, though Witness 2's allegations are very similar to J.S.'s allegations, thus making them highly probative.

With respect to factor two, the charged conduct began in 2019 when J.S. was 13 and continued periodically in escalating severity until around 2022, with much of the charged conduct allegedly occurring during 2021. Witness 2 alleges that the prior acts occurred in early 2021 when less than sixteen (16) years old. Factor two, therefore, also weighs in favor of the evidence being highly probative as there is very little time lapse between the charged acts and the prior acts with many of them occurring during the same year, 2021.

Furthermore, the Defendant allegedly abused or attempted to abuse Witness 2 on approximately three occasions and stopped only after he lost access to Witness 2. This pattern is consistent with the multiple instances of abuse alleged in the indictment. Thus, the frequency of the alleged prior abuse satisfies the third *Benally* factor. 500 F.3d at 1090.  The fourth *Benally* factor contemplates intervening circumstances counseling against admission. In this case, neither side has posited any intervening circumstances, and there are none that the court can see in the

record that would weigh against the probative nature of the proposed evidence. The Court therefore does not consider this factor as weighing in either direction.

Finally, fifth factor, need for evidence beyond Defendant's and the accusers' testimony. The jury has significant need to hear Witness 2's testimony to provide the jury with a complete picture of J.S.'s credibility. *Untied States* v. *Perrault,* 995 F.3d 748, 769 (10th Cir. 2021) ("the government may need multiple Rule 414 witness to effectively bolster the credibility of the victim tied to the indictment, particularly where the government's case would otherwise rely on that victim's testimony alone"). The Government therefore satisfies the probative requirement in *Enjady*, 134 F.3d at 1433.

### 3. *Enjady* Factor 3: Dispute of Material Fact.

The third factor is how serious the disputed material fact is. *Enjady*, 134 F.3d at 1433. "The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." *United States* v. *Sturm,* 673 F.3d 1274, 1286 (10th Cir. 2012). The central issue in this case is whether the Defendant sexually abused a minor victim. Accordingly, Witness 2's allegations of abuse would be admitted to help prove that the Defendant does abuse minor victims. Accordingly, the government satisfies the third factor. *Enjady*, 134 F.3d at 1433.

### 4. *Enjady* Factor 4: Availability of Less Prejudicial Evidence.

The Court is not aware of any less prejudicial evidence that could support a ruling against the Government. *Id* at 1434.

Finally, the *Enjady* relevance balancing requires the Court to consider "(1) how likely it is such evidence will contribute to an improperly based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; (3) and how time consuming it will be to prove the prior conduct". *Endjady,* F.3d at 1433. Here, the Government's trial brief

indicates that the prior alleged acts will be introduced using Witness 2's testimony which they have estimated will take 1 hour and the testimony of Witness 2's mother which they estimate will take half an hour. Accordingly, the testimony will not be a distraction, nor will it be excessively time consuming. Further, the evidence is unlikely to lead to an improper jury verdict as they represent evidence of a consistent pattern on the Defendant's part. Thus, under the Rule 403 balancing test, the Government's proposed evidence of a prior sexual assault is not more prejudicial than it is probative. Therefore, the Government's proposed evidence of prior sexual assault is admissible and Defendant's objection thereto, Dkt. No. 65 is hereby OVERRULED.

ORDERED THIS 6th day of January, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE