IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JORDAN FRANCIS TOYNE
        Defendant.

Case No. CR-24-24-RAW

**ORDER**

Before the Court is the Motion for New Trial [Dkt. No. 82] of Defendant Jordan Francis Toyne. For the foregoing reasons, the Motion is DENIED.

On January 23, 2025 a federal jury found the Defendant guilty of three counts of Sexual Abuse of a Minor in Indian Country in violation of 18 U.S.C. § 2243 (a), 1151 & 1152. During the trial the parties invoked the rule of sequestration. During their rebuttal case, the Government called E.A. to contradict statements made by the Defendant's wife, J.T. who had testified in her husband's favor. During cross examination, E.A. admitted that he had been in the courtroom watching the trial prior to testifying in violation of the rule of sequestration. Consequentially, on motion from the Defendant, the Court struck this witnesses testimony and instructed the jury to disregard his testimony on direct examination.

The Defendant now moves, pursuant to Fed. R. Crim. P. 33, for a new trial in the interest of justice. Dkt. No. 82. The Defendant argues because there were no eyewitnesses to the charged conduct, that witness credibility was particularly

1

important to this case, therefore, E. A.'s testimony impeaching J.T. resulted in unfair prejudice to the Defendant and an unfair trial. *See* Dkt. No. 82 at 2. Defendant further argues that the instruction to disregard the witness's testimony was insufficient to cure the prejudice.

The Government argues that the violation of Rule 615 did not amount to probable prejudice or unfairness to the Defendant and thus a new trial is not warranted. E.A. did not know that he was going to be called as a witness, and his testimony was admissible notwithstanding the violation of the rule because the United States played no role in his attendance at trial. Additionally, the portion of the trial he watched, his wife and daughter's testimonies, was not related to the limited topics he testified on. Finally, the Government argues that despite the fact it was admissible, Mr. Audette's testimony was stricken which cured any uncertainty regarding whether a new trial was warranted.

Pursuant to Fed. R. Crim. P. 33 "upon the Defendant's motion a court may vacate a judgment and order a new trial as justice so requires". "A motion for new trial should be granted if, after weighing the evidence and the credibility of the witnesses, the court determines that the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." *United States* v. *Garcia*, 182 F.3d 1165, 1170 (10th Cir. 1999) (internal quotations omitted). A court should grant a new trial motion only in exceptional cases when the evidence weighs

heavily against the verdict. *United States* v. *Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir. 2009). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

"The Tenth Circuit regards new trial orders 'with disfavor' and advises that motions for new trial should be granted only with great caution." *United States* v. *Kaspereit*, No. CR-18-297-R, 2022 WL 49194, at *2 (W.D. Okla. Jan. 5, 2022) (quoting *United States* v. *Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999)). "The defendant has the burden of proving the necessity of a new trial," and the determination of whether to grant a new trial "is committed to the sound discretion of the district court." *United States* v. *Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000). Additionally, there is a strong presumption that jurors will observe instructions and admonitions from the court. *Ellis* v. *Oklahoma*, 430 F.2d 1352, 1356 (10th Cir.1970). This presumption is only overcome if there is "overwhelming probability" that jury will be unable to follow court's instructions and strong likelihood that effect of evidence would be "devastating" to the defendant. United States v. *Taylor*, 635 F. Supp. 2d 1243 (D.N.M. 2009).

In this case, the Court ordered the jury to disregard the testimony of E.A.. Therefore, any prejudice caused by a violation of Rule 615 was cured. It is presumed that the Jury heeded the instruction to ignore his testimony therefore the Defendant fails to show that the interests of justice require a new trial.

Accordingly, the Motion for a New Trial [Dkt. No. 82] is DENIED.

SO ORDERED this 24th day of February, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE